**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**STAR ATLANTIC WASTE HOLDINGS, L.P.,**<br><br>**VEOLIA ENVIRONNEMENT S.A.**<br><br>**and**<br><br>**VEOLIA ES SOLID WASTE, INC.,**<br><br>***Defendants*.** | **CASE NO.: 1:12-cv-01847-RWR**<br><br>**JUDGE: Roberts, Richard W.**<br><br>**DESCRIPTION: Antitrust** |

**MEMORANDUM OF PLAINTIFF AND DEFENDANTS IN SUPPORT OF JOINT MOTION TO MODIFY FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 60(b)(5) and Section XIII of the Final Judgment entered in this matter on March 4, 2013 ("Final Judgment"),[1] Plaintiff United States of America and Defendants Star Atlantic Waste Holdings, L.P. ("Star Atlantic"), Veolia Environnement S.A., and Veolia ES Solid Waste, Inc. ("Veolia") have jointly moved the Court to modify the Final Judgment by entering the proposed Modified Final Judgment submitted with their motion. The proposed modification would give the Defendants and the Acquirers additional time to obtain the state regulatory approvals needed to accomplish the divestitures

[1] Section XIII of the Final Judgment provides that "any party to this Final Judgment . . . [can] apply to this Court at any time . . . to modify any of its provisions." This Court has jurisdiction to modify the Final Judgment pursuant to Paragraph XIII of the Final Judgment, Fed. R. Civ. P. 60(b)(5), and "principles inherent in the jurisdiction of the chancery." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *see also In re Grand Jury Proceedings*, 827 F. 2d 868, 873 (2d Cir. 1987).

required by the Final Judgment. The modification will permit a successful divestiture and thus serves the public interest by effectuating the remedy intended in the Final Judgment. Accordingly, Plaintiff and Defendants request that the Court grant their Joint Motion to modify the Final Judgment and enter the proposed Modified Final Judgment.

## I. BACKGROUND

On November 15, 2012, the United States filed a civil antitrust Complaint alleging that the acquisition of Veolia Environnement S.A.'s U.S. subsidiary, Veolia, violated Section 7 of the Clayton Act, 15 U.S.C. § 18. The Complaint sought to enjoin the proposed acquisition on the grounds that it would substantially lessen competition for small container commercial waste collection service in the area of Macon, Georgia and for municipal solid waste ("MSW") disposal service in northern New Jersey and central Georgia in violation of Section 7 of the Clayton Act, 15 U.S.C. §18. Along with the Complaint, the United States filed a proposed Final Judgment, Competitive Impact Statement and Hold Separate Stipulation and Order.

The Final Judgment was designed to recreate competition in the specified waste collection and disposal markets in northern New Jersey and central Georgia by requiring the Defendants to divest certain assets in a timely manner. The Court entered the Final Judgment on March 4, 2013.

The Final Judgment directed the defendants to divest the required assets within five days after notice of entry of the Final Judgment. The Final Judgment permitted the United States to extend that deadline by a total of sixty days. The United States has granted several extensions totaling sixty days and does not have discretion to extend the divestiture period beyond May 8, 2013.

While Defendants have made significant progress on each of two divestitures, neither is yet completed. On April 11, 2013, the United States approved Covanta Energy Corporation as the Acquirer of the Northern New Jersey Disposal Assets,[2] and Defendants and Covanta Energy have been working since then to obtain all approvals required from the State of New Jersey to allow the divestiture to close. On May 17, 2013, the United States approved Waste Industries USA, Inc. as the Acquirer of the Central Georgia Disposal Assets and the Macon Metropolitan Area Collection Assets.[3] Defendants and Waste Industries are proceeding expeditiously to obtain all approvals required from the State of Georgia to allow the divestiture to close. Because additional time will allow the parties to achieve successful divestitures in New Jersey and Georgia, the United States and Defendants herein jointly seek additional time to accomplish the divestitures.

## II. THE PROPOSED MODIFICATION SERVES THE PUBLIC INTEREST AND SHOULD BE APPROVED

### A. Applicable Legal Standard

This Court concluded that entry of the proposed Final Judgment in this matter was in the public interest and entered the Final Judgment on March 4, 2012. In considering proposed modifications of a consent decree, the issue before the Court is whether the modifications are in the public interest. *See e.g., United States v. Western Elec. Co.,* 993 F.2d 1572, 1576 (D.C. Cir. 1993); *United States v. Western Elec. Co.,* 900 F.2d 283, 305 (D.C. Cir. 1990); *United States v. Loew's, Inc.,*783 F. Supp. 211, 213 (S.D.N.Y. 1992); *United States v. Columbia Artists*

[2] Paragraph II.L.1 of the Final Judgment specifically identifies the transfer stations and other assets included as the Northern New Jersey Disposal Assets.

[3] Paragraph II.L.2 of the Final Judgment specifically identifies the transfer stations, landfill and other assets included as the Central Georgia Disposal Assets; Paragraph II.M defines the small container commercial waste collection routes and other assets included in the Macon Metropolitan Area Collection Assets.

*Management, Inc.*,662 F. Supp. 865, 869-70 (S.D.N.Y. 1987) (citing *United States v. Swift & Co.*, 1975-1 Trade Cas. (CCH) ¶ 60,201, at 65,702-03 (N.D. Ill. 1975). *Cf. United States v. American Cyanamid Co.*, 556 F. Supp. 361, 367 (S.D.N.Y. 1983), *rev'd on other grounds,* 719 F.2d 558 (2d Cir. 1983). This is the same standard that a federal district court applies in reviewing an initial consent judgment in a government antitrust case. *See* 15 U.S.C. § 16(e); *Western Electric*, 900 F.2d at 295; *United States v. AT&T,* 552 F. Supp. 131, 147 n.67 (D.D.C. 1982); *aff'd sub nom Maryland v. United States,* 460 U.S. 1001 (1983); *United States v. Radio Corp. of Am.*, 46 F. Supp. 654, 656 (D.Del. 1942), *appeal dismissed,* 318 U.S. 796 (1943).

It has long been recognized that the government has broad discretion in settling antitrust litigation on terms that will best serve the public interest in competition. *See Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 689 (1961). The government may reach any of a range of settlements that are consistent with the public interest. *See e.g., Microsoft*, 56 F.3d at 1461; *Western Electric*, 900 F.2d at 307-09; *Bechtel,* 648 F.2d at 665-66; *United States v. Gillette Co.*, 406 F. Supp. 713, 716 (D. Mass. 1975). The court's role in determining whether the initial entry of a consent decree is in the public interest, absent a showing of abuse of discretion or a failure to discharge its duty on the part of the government, is to determine whether the government's explanation is reasoned, and not to substitute its own opinion. *United States v. Mid-America Dairymen, Inc.*, 1977-1 Trade Cas. (CCH) ¶ 61,508 at 71,980 (W.D. Mo. 1977); *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1461-62 (D.D.C. Cir. 1995); *United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) (citing *United*

*States v. National Broad. Co.*, 449 F. Supp. 1127 (C.D. Cal. 1978). Accordingly, the Court should modify the decree as requested jointly by all parties here because it will effectuate the remedy originally intended in the Final Judgment.

**B. The Proposed Modification**

The United States and Defendants jointly seek modification of the Final Judgment to allow Defendants and the Acquirers the additional time they need to obtain the state regulatory approvals required to permit the sale of the respective divestiture assets to Acquirers already approved by the United States. The parties propose to do this by modifying Paragraph IV.A of the Final Judgment to extend the time during which the Divestiture Assets may be divested to five calendar days following satisfaction of all required state regulatory approvals. Paragraph IV.A would read as follows:

> A. Defendants are ordered and directed within five (5) calendar days after satisfaction of all New Jersey Regulatory Approvals to divest the Northern New Jersey Disposal Assets in a manner consistent with this Final Judgment to Covanta Energy, an Acquirer acceptable to the United States in its sole discretion, pursuant to the Asset Purchase Agreement with Covanta Energy dated March 4, 2013. Defendants are further ordered and directed within five (5) calendar days after satisfaction of all Georgia Regulatory Approvals to divest the Central Georgia Disposal Assets and Macon Metropolitan Area Collection Assets in a manner consistent with this Final Judgment to Waste Industries, an Acquirer acceptable to the United States in its sole discretion, pursuant to the Asset Purchase Agreement with Waste Industries dated May 15, 2013. Defendants

agree to use their best efforts to accomplish the divestitures ordered by this Final Judgment as expeditiously as possible.

The United States has concluded that extending the time period during which the Defendants may divest the specified assets will allow the assets to be divested, and thus competition restored, in the most expedient way possible. The United States has determined that the modification is therefore in the public interest.[4]

## III. ADDITIONAL PUBLIC NOTICE OF THE PROPOSED FINAL JUDGMENT MODIFICATION IS UNNECESSARY AND DOES NOT SERVE THE PUBLIC INTEREST

The Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), does not apply expressly to the modification of entered final judgments.[5] Nonetheless, the United States

---

[4] As noted in the Joint Motion, the parties further propose the addition of four definitions to Section II of the Final Judgment. The first two definitions identify the Acquirers approved by the United States to buy the divestiture assets located in New Jersey and Georgia, respectively. New paragraphs II.D and II.E would read:

D. "Covanta Energy" means Covanta Energy Corporation, headquartered in Morristown, New Jersey, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

E. "Waste Industries" means Waste Industries USA, Inc., headquartered in Raleigh, North Carolina, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

Two additional definitions would clarify the state regulatory approvals which the Defendants and the appropriate Acquirer of the divestiture assets must obtain in Georgia or New Jersey. New paragraphs II.P and II.Q would read:

P. "Georgia Regulatory Approvals" means all state regulatory approvals required for defendants to divest the Central Georgia Disposal Assets and the Macon Metropolitan Area Collection Assets to Waste Industries, including but not limited to all Georgia Environmental Protection Division approvals and any other state authorization required for the divestiture to close.

Q. "New Jersey Regulatory Approvals" means all state regulatory approvals required for defendants to divest the Northern New Jersey Disposal Assets to Covanta Energy, including but not limited to all New Jersey Department of Environmental Protection approvals and any other state authorization required for the divestiture to close.

[5] The procedures mandated by the APPA govern federal district courts' consideration of "[a]ny proposal for a consent judgment submitted by the United States," 15 U.S.C. § 16(b), and are designed to facilitate a public interest determination "[b]efore entering any consent judgment proposed by the United States," 15 U.S.C. § 16(e).

and the courts have concluded that notice to the public and an opportunity for comment are appropriate where significant decree modifications are proposed.[6] Here, however, the modification is minor and serves only to effectuate what was intended in the Final Judgment. Accordingly, the United States sees no benefit of public notice in this matter. Thus, no notice or public comment period is either necessary or beneficial for a determination that the proposed modification is in the public interest.[7]

## IV. CONCLUSION

For the foregoing reasons, the United States and Defendants respectfully request jointly that the Court grant the Joint Motion and enter the proposed Modified Final Judgment.

[6] *See United States v. AT&T*, 552 F. Supp. 131, 144-45 (D.D.C. 1982), aff'd. sub nom. *Maryland v. United States,* 460 U.S. 1001 (1983).

[7] Few courts have addressed the issue of the applicability of the APPA to judgment modifications. Courts in this district have made non-material modifications of final judgments without requiring notice to the public and opportunity for comments. *United States v. Amsted Industries, Inc.*, Civil Action No. 07-00710 (D.D.C. July 15, 2008) (Bates, J.); *United States v. Tidewater, Inc., et al.*, Civil Action No. 92-106 (D.D.C. October 7, 1992) (Hogan, J.); *United States v. Baker Hughes,* Civil Action No. 90-0825 (D.D.C. June 20, 1990) (Oberdorfer, J.).

Two courts have further held that the APPA is not applicable to judgment termination proceedings, suggesting that those courts would not view the APPA as applicable to minor judgment modifications. *United States v. American Cyanamid Co.*, 719 F.2d 558, 565 n.7; *United States v. General Motors Corp.*, 1983-2 Trade Cas. ¶ 65,614 at 69,093 (N.D. Ill. 1983). *But see United States v. Motor Vehicle Mfrs. Ass'n*, 1981-2 Trade Cas. ¶ 64,370 (C.D. Cal. 1981).

Dated: May 21, 2013

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA**

Michael K. Hammaker

Michael K. Hammaker (DC Bar Number 233684)
United States Department of Justice
Antitrust Division, Litigation II Section
450 Fifth Street, NW
Suite 8700
Washington, DC 20530
Tel.: (202) 307-0938
Fax: (202) 514-9033
Email: michael.hammaker@usdoj.gov

**FOR DEFENDANT STAR ATLANTIC WASTE HOLDINGS, L.P.**

James W. Lowe (DC Bar Number 428235)
Eric Mahr (DC Bar Number 459350)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6059
Facsimile: (202) 663-6363
Email: james.lowe@wilmerhale.com

**FOR DEFENDANTS VEOLIA ENVIRONNEMENT S.A. AND VEOLIA ES SOLID WASTE, INC.**

David Laing (DC Bar Number 418597)
Olivier Antoine
Mika Clark
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2680
Facsimile: (202) 628-5116
Email: dlaing@crowell.com